IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ODELL WHEATON, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No.: |
| ) | |
| v. ) | |
| ) | **COMPLAINT** |
| CENTRAL CREDIT SERVICES, ) | **WITH JURY TRIAL DEMAND** |
| LLC, ) | |
| ) | |
| Defendant. ) | |

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to collect a purported consumer debt. Plaintiff seeks monetary relief based on Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-393, *et seq.*

## PARTIES

1. Plaintiff, Odell Wheaton, is a natural person who resides in Fulton County, Georgia.

1

2. Defendant, Central Credit Services, LLC is a limited liability company formed under the laws of the State of Florida. Defendant may be served with process via its registered agent, C T Corporation System, at 1200 South Pine Island Road, Plantation, Florida 33324.

3. At all relevant times hereto, Defendant acted through its agents, employees, officers, members, directors, and/or representatives.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 753 (2012) (holding federal district courts have federal question jurisdiction over TCPA claims). This Court's jurisdiction over the claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, likewise arises under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein. O.C.G.A. § 9-10-91(1).

6. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.  Pursuant to LR 3.1B(3), NDGa, venue is proper in the Atlanta Division because the conduct complained of herein occurred in Fulton County, which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is the subscriber for the cellular telephone with the number 404-***-5351 (the "Cell Phone").

8. In or around March, 2016, Plaintiff began receiving calls on her Cell Phone from Defendant seeking to collect an alleged debt owed by Plaintiff.

9. Defendant's calls to Plaintiff were made from phone number 678-666-2462.

10. The phone number set forth in Enumeration 9 above is utilized by or under the control of Defendant.

11. Since March, 2016, Plaintiff has received at least six (6) similar calls from Defendant.

12. When Plaintiff answered calls from Defendant, she heard pauses and/or clicks and a delay at the beginning of the calls.

13. Upon information and belief, Defendant used an autodialer and/or predictive dialing equipment to make its calls to Plaintiff.

14. Plaintiff never provided consent for Defendant to call her on her Cell Phone.

15. To the extent Plaintiff provided consent for Defendant to call her on her Cell Phone, Plaintiff explicitly revoked that consent.

16. Subsequent to her revocation of consent, Plaintiff did not provide additional consent for Defendant to contact her.

17. Defendant's calls to Plaintiff had no emergency purpose.

18. Rather, Defendant advised Plaintiff that its calls were for the purpose of debt collection.

19. Plaintiff was unable to avoid or escape Defendant's repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's Cell Phone.

20. Once Defendant knew that Plaintiff did not wish to be called, there was no purpose for placing additional calls to her Cell Phone other than to annoy, abuse, or otherwise harass Plaintiff.

21. Plaintiff carries her Cell Phone on his person at most times to be accessible to her family, friends, and workplace. Calls from Defendant have

interrupted and interfered with Plaintiff's daily life and his interactions with family, friends, and coworkers.

22. Defendant's campaign of harassing phone calls has caused Plaintiff actual damages, including, but not limited to, (a) the consumption of "minutes" as contemplated in Plaintiff's cellular service plan, resulting in Plaintiff paying for the calls initiated by Defendant, (b) depletion of Plaintiff's Cell Phone's battery, diminishing Plaintiff's ability to use it for its intended purpose, (c) emotional distress, including frustration and aggravation, caused by the persistent calls, and (d) expenses associated with seeking to enforce Defendant's compliance with the law.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I:
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *et seq*.

24. Plaintiff incorporates by reference paragraphs 1 through 22 as though fully stated herein.

25. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's Cell Phone, without permission or emergency purpose, and using an autodialer and/or predictive dialing equipment.

26. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to recover a minimum of $500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

27. Defendant knew that it did not have Plaintiff's consent to receive its calls at all. Its repeated calls were, therefore, knowing and/or willful violations of the TCPA.

28. Accordingly, pursuant to 47 U.S.C. § 227(b)(3)(C), Defendant's knowing and/or willful violations of the TCPA entitles Plaintiff to triple the amount of damages to which Plaintiff is otherwise entitled under 47 U.S.C. § 227(b)(3)(B).

### COUNT II:
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

29. Plaintiff incorporates by reference paragraphs 1 through 22 as though fully stated herein.

30. Defendant markets itself as a debt collector. See http://www.ccscollect.com. (Last visited August 2, 2016.)

31. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

32. The alleged debt that Defendant is attempting to collect is a "consumer debt" as those terms and concepts are defined by 15 U.S.C. §§ 1692(a)(3) and (5).

33. Upon information and belief, Defendant failed to meaningfully identify itself and the party for whom it was collecting in violation of 15 U.S.C. §§ 1692b1 and 1692d(6).

34. Upon information and belief, Defendant failed to send written verification of the alleged debt in violation of 15 U.S.C. § 1692g.

### COUNT III:
### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.C.G.A. § 10-1-393(a)

35. Plaintiff incorporates by reference paragraphs 1 through 22 and 29 through 34 as though fully stated herein.

36. O.C.G.A. § 10-1-393(a) broadly prohibits unfair business practices.

37. It was an unfair business practice for Defendant to call Plaintiff's Cell Phone repeatedly, without consent.

38. It was an unfair business practice for Defendant to repeatedly call Plaintiff's Cell Phone in an attempt to collect a debt.

39. It was an unfair business practice for Defendant to continue to contact Plaintiff after she requested that Defendant stop contacting her.

40. Defendant's actions have interfered with Plaintiff's daily life in a manner that she did not invite, disclaimed, and could not reasonably escape.

41. As pled above, Plaintiff was harmed by Defendant's unfair conduct.

42. Upon information and belief, Defendant regularly uses repeated, unauthorized calls to consumers in its debt collection efforts.

43. Upon information and belief, repeated and unauthorized calls to consumers are Defendant's *modus operandi* for debt collection and are done on a wide scale.

44. Defendant's conduct amounts to an unfair business practice.

45. Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

46. Defendant does not maintain a place of business in Georgia and has no assets in Georgia thus relieving Plaintiff of the Notice and Demand requirement of O.C.G.A. § 10-1-399(b).

47. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

48. Defendant's actions were intentional, rendering it liable for a mandatory award of treble damages pursuant to O.C.G.A. § 10-1-399(c), and potential additional exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

49. Plaintiff is entitled to recover reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-399(d).

50. Furthermore, because Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, Plaintiff is also entitled to an award of reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

   a.) Damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B) & (C);

   b.) Actual damages;

   c.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

d.) Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k and O.C.G.A. §§ 10-1-399(d) and/or 13-6-11; and

e.) Such other and further relief as may be just and proper.

Respectfully submitted, this 9th day of August, 2016.

**BERRY & ASSOCIATES**

*/s/ Adam J. Klein*
Adam J. Klein
Georgia Bar No.: 425032
*aklein@mattberry.com*

Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*

2751 Buford Highway, Suite 600
Atlanta, GA 30324

Phone   (404) 235-3334
Fax       (404) 235-3333

*Plaintiff's Attorneys*